# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| WALNUT HILL, INC. | ) | |
| | ) | Case No. 16-20960 (JJT) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| WALNUT HILL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Pro. No. 18-02026 (JJT) |
| AMERICAN EXPRESS COMPANY, | ) | |
| AMERICAN EXPRESS TRAVEL RELATED | ) | |
| SERVICES COMPANY, INC., AMERICAN | ) | |
| EXPRESS BANK, FSB, AMERICAN | ) | |
| EXPRESS CENTURION BANK, GOLDEN | ) | |
| LIVING CENTERS LLC, RICHARD | ) | |
| PLATSCHEK, SOLOMON ABRAMCZYK, | ) | |
| ALEXANDER PLATSCHEK, GOLDIE | ) | |
| PLATSCHEK, DAVID ROSNER, ROBERT | ) | |
| SCHUCK, WALNUT HILL MANAGEMENT | ) | |
| COMPANY LLC and TYTY LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANTS AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS BANK, FSB AND AMERICAN EXPRESS CENTURION BANK

Defendants American Express Company, American Express Travel Related Services Company, Inc., and American Express National Bank[1] f/k/a American Express Centurion Bank and successor by merger to American Express Bank, FSB (collectively, "American Express") submit this Answer, Affirmative Defenses and Cross-Claim in response to Plaintiff's *Complaint* [Docket No. 1] (the "Complaint") filed in the above-captioned adversary proceeding.

## PRELIMINARY STATEMENT

The Complaint includes a Preliminary Statement by Plaintiff of her ultimate conclusions and/or purpose in filing the Complaint, and is not an allegation of fact to which a response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in the Preliminary Statement and requires strict proof by Plaintiff of each and every element of any claims or causes of action asserted against American Express in the Complaint.

## ANSWER

American Express answers the individually numbered paragraphs of the Complaint as follows:

### Jurisdiction, Venue and Nature of This Proceeding

1.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

---

[1]      On April 1, 2018, American Express Centurion Bank changed its name to American Express National Bank and also merged with American Express Bank FSB, with American Express National Bank as the surviving entity after the merger.

3.      The allegations contained in paragraph 3 of the Complaint are statements of Plaintiff's supposed purpose and/or ultimate objectives in filing the Complaint and initiating this adversary proceeding, and are not allegations to which a response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 3 of the Complaint as they purport to relate or apply to American Express, and specifically denies that Plaintiff is entitled to any of the relief referenced therein with respect to American Express.

4.      American Express admits the allegations set forth in paragraph 4 of the Complaint.

5.      American Express admits the allegations set forth in paragraph 5 of the Complaint.

6.      American Express admits the allegations set forth in paragraph 6 of the Complaint.

## Parties

7.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      American Express admits the allegations set forth in paragraph 8 of the Complaint.

9.      American Express admits the allegations set forth in paragraph 9 of the Complaint.

10.      Answering paragraph 10 of the Complaint, American Express admits that American Express National Bank, a Utah-chartered bank with a place of business in New York, New York, is the successor by merger to American Express Bank, FSB.   American Express

denies the remaining allegations set forth in paragraph 10 of the Complaint.

11.     American Express admits the allegations set forth in paragraph 11 of the Complaint, provided, however, that American Express Centurion Bank changed its name to American Express National Bank on April 1, 2018.

12.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

## Facts Common To All Counts

22.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.    American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.      American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, including all sub-parts thereof.

46.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

## COUNT ONE
### Intentional Fraudulent Transfer
### 11 U.S.C. § 548(a)(1)(A), 550 and 551
### (American Express and The Gold Account Obligors)

60.     Answering paragraph 60 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 59 above as though set forth fully herein.

61.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73.    American Express denies the allegations set forth in paragraph 73 of the

Complaint to the extent that they purport to apply, refer or relate to American Express.

American Express lacks knowledge or information at this time sufficient to form a belief as to

the truth of the allegations set forth in paragraph 73 of the Complaint to the extent that they

purport to apply, refer or relate to the other named Defendants.

74.     American Express denies the allegations set forth in paragraph 74 of the

Complaint to the extent that they purport to apply, refer or relate to American Express.

American Express lacks knowledge or information at this time sufficient to form a belief as to

the truth of the allegations set forth in paragraph 74 of the Complaint to the extent that they

purport to apply, refer or relate to the other named Defendants.

**COUNT TWO**
**Constructive Fraudulent Transfer**
**11 U.S.C. § 548(a)(1)(B), 550 and 551**
**(American Express and The Gold Account Obligors)**

75.     Answering paragraph 75 of the Complaint, AMERICAN EXPRESS incorporates

by reference its responses to paragraphs 1 through 74 above as though set forth fully herein.

76.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81.      American Express denies the allegations set forth in paragraph 81 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

82.      American Express denies the allegations set forth in paragraph 82 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

**COUNT THREE**
**CUFTA Intentional Fraudulent Transfer**
**11 U.S.C. § 544(b)(1), 550(a) and 551 and**
**Conn. Gen. Stat. §§ 52-552e(a)(1) and 52-552h(a)**
**(American Express and The Gold Account Obligors)**

83.      Answering paragraph 83 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 82 above as though set forth fully herein.

84.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86.      American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

87.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90.     American Express denies the allegations set forth in paragraph 90 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

**COUNT FOUR**
**CUFTA Constructive Fraudulent Transfer**
**Conn. Gen. Stat. §§ 52-552e(a)(2) and 52-552f(a)**
**(American Express and The Gold Account Obligors)**

91.     Answering paragraph 91 of the Complaint, AMERICAN EXPRESS incorporates by reference its responses to paragraphs 1 through 90 above as though set forth fully herein.

92.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

99.    American Express denies the allegations set forth in paragraph 99 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

**COUNT FIVE**
**Intentional Fraudulent Transfer**
**11 U.S.C. § 548(a)(1)(A), 550 and 551**
**(American Express and The Platinum Account Obligors)**

100.    Answering paragraph 100 of the Complaint, AMERICAN EXPRESS incorporates by reference its responses to paragraphs 1 through 99 above as though set forth fully herein.

101.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint..

102.    American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.

104.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint.

109.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint.

110.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Complaint.

111.     American Express denies the allegations set forth in paragraph 111 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

112.    American Express denies the allegations set forth in paragraph 112 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

### COUNT SIX
### Constructive Fraudulent Transfer
### 11 U.S.C. § 548(a)(1)(B), 550 and 551
### (American Express and The Platinum Account Obligors)

113.    Answering paragraph 113 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 112 above as though set forth fully herein.

114.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Complaint.

115.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Complaint.

116.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint.

117.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Complaint.

119.    American Express denies the allegations set forth in paragraph 119 of the Complaint to the extent that they purport to apply, refer or relate to American Express.

American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

120.   American Express denies the allegations set forth in paragraph 120 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

**COUNT SEVEN**
**CUFTA Intentional Fraudulent Transfer**
**11 U.S.C. § 544(b)(1), 550(a) and 551 and**
**Conn. Gen. Stat. §§ 52-552e(a)(1) and 52-552h(a)**
**(American Express and The Platinum Account Obligors)**

121.   Answering paragraph 121 of the Complaint, AMERICAN EXPRESS incorporates by reference its responses to paragraphs 1 through 120 above as though set forth fully herein.

122.   American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Complaint.

123.   American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Complaint.

124.   American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Complaint.

125.   American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Complaint.

126.   American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 126 of the Complaint.

127.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the Complaint.

128.    American Express denies the allegations set forth in paragraph 128 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

**COUNT EIGHT**
**CUFTA Constructive Fraudulent Transfer**
**Conn. Gen. Stat. §§ 52-552e(a)(2) and 52-552f(a)**
**(American Express and The Platinum Account Obligors)**

129.    Answering paragraph 129 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 128 above as though set forth fully herein.

130.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Complaint.

131.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Complaint.

134.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Complaint.

135.    American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 135 of the Complaint.

136.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Complaint.

137.    American Express denies the allegations set forth in paragraph 137 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

## COUNT NINE
### Unjust Enrichment
### (American Express and The Gold Account Obligors)

138.    Answering paragraph 138 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 137 above as though set forth fully herein.

139.    American Express denies the allegations set forth in paragraph 139 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

140.    American Express denies the allegations set forth in paragraph 140 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

141.    American Express denies the allegations set forth in paragraph 141 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

142.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint.

**COUNT TEN**
**Unjust Enrichment**
**(American Express and The Platinum Account Obligors)**

143.    Answering paragraph 143 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 142 above as though set forth fully herein.

144.    American Express denies the allegations set forth in paragraph 144 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

145.    American Express denies the allegations set forth in paragraph 145 of the Complaint to the extent that they purport to apply, refer or relate to American Express. American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

146.    American Express denies the allegations set forth in paragraph 146 of the

Complaint to the extent that they purport to apply, refer or relate to American Express.

American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Complaint to the extent that they purport to apply, refer or relate to the other named Defendants.

147.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Complaint.

**COUNT ELEVEN**
**Breach of Fiduciary Duty**
**(WHMC, R. Platschek, TYTY and Abramczyk)**

148.    Answering paragraph 138 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 137 above as though set forth fully herein.

149.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the Complaint.

150.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the Complaint.

151.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Complaint.

152.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Complaint.

153.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Complaint.

154.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Complaint.

155.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Complaint.

156.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Complaint.

157.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Complaint.

158.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Complaint.

159.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the Complaint.

160.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint.

## COUNT TWELVE
### Civil Theft
### Conn. Gen. Stat. § 52-564
### (WHMC, Golden Living, R. Platschek, TYTY, Abramczyk, A. Platschek, G. Platschek, Rosner and Schuck)

161.    Answering paragraph 161 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 160 above as though set forth fully herein.

162.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the Complaint.

163.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint.

164.    American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 164 of the Complaint.

165.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Complaint.

166.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the Complaint.

167.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the Complaint.

## COUNT THIRTEEN
### Conversion
### (WHMC, R. Platschek, TYTY and Abramczyk)

168.    Answering paragraph 168 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 167 above as though set forth fully herein.

169.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the Complaint.

## COUNT FOURTEEN
### Connecticut Unfair Trade Practices Act
### Conn. Gen. Stat. § 42-110(B)
### (WHMC, R. Platschek, TYTY and Abramczyk)

170.    Answering paragraph 170 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 169 above as though set forth fully herein.

171.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 171 of the Complaint.

172.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 172 of the Complaint.

173.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Complaint.

174.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Complaint.

175.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Complaint. .

**COUNT FIFTEEN**
**Civil Conspiracy**
**(WHMC, Platschek, TYTY, Abramczyk,**
**The Platinum Account Obligors and The Gold Account Obligors)**

176.     Answering paragraph 176 of the Complaint, American Express incorporates by reference its responses to paragraphs 1 through 175 above as though set forth fully herein.

177.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Complaint.

178.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Complaint.

**Statement Concerning Entry of Final Orders or Judgment**

To the extent that any claim for relief in this proceeding is determined to be non-core, American Express also consents to entry of a final judgment and orders by the Bankruptcy Court.

**AFFIRMATIVE DEFENSES**

American Express asserts its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 U.S.C. §§ 544, 548 and/or 550 or comparable/incorporated provisions of state law, and by this failure has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff may have failed to sue or serve process upon the correct legal entity or entities that did business with, or that received or benefitted from any transfers by, the Debtor in the related Chapter 11 case.

### Third Affirmative Defense

To the extent that American Express received any of the transfers alleged in the Complaint (the "Transfers"), American Express provided reasonably equivalent (if not full, dollar-for-dollar) value in exchange for such Transfers. *See, e.g.*, 11 U.S.C. §§ 548(a)(1)(B)(i).

### Fourth Affirmative Defense

To the extent that American Express received any of the Transfers, American Express took in good faith, and provided reasonably equivalent value and/or extinguished an antecedent debt in exchange therefor. *See, e.g.*, 11 U.S.C. §§ 548(c) and 548(d)(2)(A).

### Fifth Affirmative Defense

To the extent that   received any of the Transfers and American Express was not the initial transferee, Plaintiff cannot recover from American Express because American Express took the transfers for value (the satisfaction of a debt), in good faith, and without knowledge of the purported voidability of the Transfers. *See*, *e.g.*, 11 U.S.C. § 550(b)(1).

### Sixth Affirmative Defense

American Express is entitled to setoff or recoupment against any claim for amounts owed to American Express by the Debtor that are entitled to an administrative expense priority under 11 U.S.C. § 503.

### Seventh Affirmative Defense

Plaintiff cannot obtain a double-recovery of any transfers or sums that are recovered or determined to be recoverable from any principals or insiders of the Debtors, from the beneficiaries of the alleged Transfers, or from any persons or entities other than American Express.

### Eighth Affirmative Defense

Any claim by Plaintiff for recovery of transfers fails to the extent that such claim is time-barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the reach-back period for avoidance and recovery of such transfers provided under applicable law.

### Ninth Affirmative Defense

American Express denies each and every allegation of the Complaint not expressly admitted or otherwise controverted or qualified, and further denies that Plaintiff is entitled to any relief whatsoever from American Express.

### Tenth Affirmative Defense

American Express reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

WHEREFORE, American Express respectfully requests that the Court enter an Order dismissing the Complaint as to American Express, including each and every claim set forth against American Express therein, with prejudice, and denying any of the relief sought in the Complaint as to American Express, or that judgment be rendered in favor of American Express and against Plaintiff with respect to all matters before this Court, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

## CROSS-CLAIM AGAINST CO-DEFENDANTS

American Express submits this cross-claim against co-Defendants Golden Living Centers LLC, Richard Platschek, Solomon Abramczyk, Alexander Platschek, Goldie Platschek, David Rosner, Robert Schuck, Walnut Hill Management Company LLC and TYTY LLC (collectively, the "Cross-Claim Defendants"), stating as follows:

1.      Plaintiff's Complaint asserts claims against American Express based on allegations that, among other things, the Cross-Claim Defendants placed charges on one or more "American Express" credit card accounts that were solely for the Cross-Claim Defendants' personal purposes and benefit, or for the benefit of businesses other than the Debtor, in which businesses certain of the Cross-Claim Defendants held equitable or other pecuniary interests; such charges were then paid by the Debtor to American Express, notwithstanding that the Debtor itself derived no value from the charges or the goods and services purchased in connection therewith, in derogation of provisions of the Bankruptcy Code and/or Connecticut state law, or principles of Connecticut common law; and such payments to American Express are avoidable and recoverable by the

Plaintiff, and from American Express as transferee, as fraudulent transfers, as more particularly described in the Plaintiff's Complaint.

2.      Pursuant to the terms of the Cardmember Agreements applicable to the affected "American Express" credit card accounts, at least certain of the Cross-Claim Defendants, including, based on current information and without limitation, David Rosner and Golden Living Centers LLC, are direct obligors or co-obligors on those accounts.  Accordingly, such Cross-Claim Defendants are personally and unconditionally obligated to pay all charges incurred and owing on the accounts, and to do so in good and indefeasible funds delivered to the "American Express" entity that issued the accounts.  In addition, the Cardmember Agreements require, among other things, that any co-obligors not permit the corporate credit card accounts to be used for anything other than legitimate business expenses and for the benefit of the business to which the account was issued, and place the obligation and responsibility to police use of those accounts squarely on such co-obligors.

3.      Plaintiff's Complaint also alleges that each of the Cross-Claim Defendants, whether or not he or she is a direct obligor or co-obligor on the credit card accounts at issue as a matter of contract, benefitted solely and personally from each of the personal charges that he or she placed on those accounts, and that the Debtor subsequently paid.

4.      American Express denies any liability to the Plaintiff on the claims asserted in the Complaint, and on numerous, separate and independent grounds.  To the extent that any liability is adjudicated to exist, however, American Express brings these cross-claims against the Cross-Claim Defendants for breach of contract, contribution and/or unjust enrichment for the full amount of any ultimate liability of American Express on the Plaintiff's claims.

5.      These claims against the Cross-Claim Defendants are related to the Debtor's bankruptcy case and are ancillary to the main action in the above-styled adversary proceeding. The Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1334(b). Venue is proper in this Court.

## COUNT I
### (Breach of Contract)

6.      American Express re-alleges and incorporates its allegations contained in paragraphs 1 through 5 above as if fully set forth herein.

7.      American Express denies that the Plaintiff is entitled to a judgment against it, or that the Plaintiff is entitled to any recovery or relief as to American Express.

8.      If the Plaintiff is entitled to recover from American Express on the basis of the allegations contained in the Complaint, then David Rosner, Golden Living Centers LLC and any other Cross-Claim Defendant who is a direct obligor or co-obligor on the credit card accounts at issue as a matter of contract is liable over to American Express and/or will be liable to American Express for a debt that is past due and owing directly by such Cross-Claim Defendant as a matter of contract, in the same amount of such recovery by the Plaintiff against American Express.

WHEREFORE, American Express respectfully requests that the Court enter judgment against any and all Cross-Claim Defendants who are direct obligors or co-obligors on the credit card accounts at issue as a matter of contract, and in favor of American Express, in the same amount of any judgment rendered against American Express and in favor of the Plaintiff, plus

interest, costs and attorney's fees, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

## COUNT II
### (Contribution)

9.      American Express re-alleges and incorporates its allegations contained in paragraphs 1 through 8 above as if fully set forth herein.

10.      American Express denies that the Plaintiff is entitled to a judgment against it, or that the Plaintiff is entitled to any recovery or relief as to American Express.

11.      If the Plaintiff is entitled to recover from American Express on the basis of the allegations contained in the Complaint, the damages were solely due to the wrongful actions and fault of the Cross-Claim Defendants in, among other things, placing entirely personal charges, or charges for the benefit of businesses other than the Debtor, on credit card accounts, of which charges the Cross-Claim Defendants or entities other than the Debtor were the sole and personal beneficiaries, in breach of the applicable Cardmember Agreements, and then having, arranging for or permitting the Debtor to pay such charges to the "American Express" entity that issued the accounts in derogation of provisions of the Bankruptcy Code and/or Connecticut state law, or principles of Connecticut common law.

12.      If the Plaintiff is entitled to recover from American Express on the basis of the allegations contained in the Complaint, then American Express is entitled to contribution from the Cross-Claim Defendants as a matter of contract and otherwise, and each of the Cross-Claim Defendants is liable over to American Express for all of the personal charges or charges not for the benefit of the Debtor, that are eventually conceded, adjudicated or otherwise found to have

resulted in a fraudulent transfer by the Debtor, and the Cross-Claim Defendants are collectively

and proportionally liable to American Express for the entire amount of any and all such charges.

## COUNT III
### (Unjust Enrichment)

13.     American Express re-alleges and incorporates its allegations contained in

paragraphs 1 through 12 above as if fully set forth herein.

14.     American Express denies that the Plaintiff is entitled to a judgment against it, or

that the Plaintiff is entitled to any recovery or relief as to American Express.

15.     On each occasion that a charge was incurred on any "American Express" credit

card at issue in this proceeding, the American Express entity that issued that credit card account

advanced funds to a merchant to pay for the goods or services purchased on that occasion.  To the

extent that the Cross-Claim Defendants are found to have placed entirely personal charges on credit

card accounts, or charges for the benefit of persons or entities other than the Debtor, of which

charges the Cross-Claim Defendants or the non-Debtor entities were the sole and personal

beneficiaries or recipients of purchased goods or services, and American Express is required to

return prior payments of those charges to the Plaintiff, the Cross-Claim Defendants have been

unjustly enriched, at American Express's expense, by receiving, accepting and retaining the benefit

of valuable goods and services for which they have never paid, and for which American Express

ultimately has borne the cost.

16.     To this extent, each of the Cross-Claim Defendants is proportionately liable over to

American Express to the full extent that American Express is ever adjudicated to be liable to the

Plaintiff.

WHEREFORE, American Express respectfully requests that the Court enter judgment against the Cross-Claim Defendants, and in favor of American Express, in the amount of any judgment rendered or satisfaction obtained against American Express and in favor of the Plaintiff on the basis of the allegations contained in the Complaint, plus interest, costs and attorney's fees, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

Dated:  July 17, 2018.

AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS NATIONAL BANK F/K/A AMERICAN EXPRESS CENTURION BANK AND AMERICAN EXPRESS BANK, FSB,


By:____/s/ Scott D. Rosen_____
          Scott D. Rosen (ct01417)
          COHN BIRNBAUM & SHEA P.C.
          100 Pearl Street, 12th Floor
          Hartford, CT 06103
          Tel. 860-493-2200
          Fax. 860-727-0361
          Email: srosen@cbshealaw.com

          and

          Frank N. White, Esq.
          Arnall Golden Gregory LLP
          171 17th Street NW
          Suite 2100
          Atlanta, GA 30363
          Tel. 404-873-8744
          Email:  frank.white@agg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2018, I have served a true, correct and complete copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANTS AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS BANK, FSB AND AMERICAN EXPRESS CENTURION BANK via filing with the CM/ECF system, by e-mail and/or by First Class Mail, postage pre-paid and addressed to:

| | |
|---|---|
| Lawrence S. Grossman, Esq. | Robert Schuck |
| David C. Shufrin, Esq. | 1091 E. 19th Street, #5 |
| Joanna M. Kornafel, Esq. | Brooklyn, NY 11230 |
| Hurwitz Sagarin Slossberg & Knuff LLC | |
| 147 North Broad Street | |
| Milford, CT 06460 | David Rosner |
| E-Mail:  LGrossman@hssklaw.com | 77 Kathy Lane |
|      DShufrin@hssklaw.com | Buffalo, NY 14224 |
|      JKornafel@hssklaw.com | |
| *Attorneys for Bonnie C. Mangan,* | |
| *Chapter 7 Trustee of Walnut Hill, Inc.* | |
| | |
| Brenton J. Elliott, Esq. | David Rosner |
| Jacobi, Case & Speranzini P.C. | 77 Kathy Lane |
| 57 Plains Road, Suite 2B | West Seneca, NY 14224 |
| Milford, CT 06461 | |
| E-Mail:  belliott@jacobicase.com | Golden Living Centers LLC |
| *Attorneys for Richard Platschek,* | c/o Martin J. Clifford, Esq. |
| *Alexander Platschek, Goldie Patschek and* | 403 Main Street, Suite 716 |
| *Walnut Hill Management Company, LLC* | Buffalo, NY 14203 |
| | |
| Richard LaBrecque, Esq. | Golden Living Centers LLC |
| Grady & Riley LLP | c/o Martin J. Clifford, Esq. |
| 86 Buckingham Street | 716 Brisbane Building |
| Waterbury, CT 06710 | Buffalo, NY 14203 |
| E-Mail:  rlabrecque@gradyriley.com | |
| *Attorneys for Solomon Abramczyk and* | |
| *TYTY LLC* | |

   /s/ Scott D. Rosen
Scott D. Rosen